**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DANNY R. HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-08-434-M |
| | ) |
| UNITED PARCEL SERVICE OF | ) |
| AMERICA, INC., and | ) |
| UNITED PARCEL SERVICE, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is defendants' Motion to Dismiss, filed May 1, 2008. On May 23, 2008, plaintiff filed his response.

On March 20, 2008, plaintiff filed the instant action in the District Court of Oklahoma County, State of Oklahoma. On April 24, 2008, defendants removed this action to this Court. Defendants now move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss this action.[1]

In his Petition, plaintiff alleges, in pertinent part:

> 3. That on or about March 20, 2006, Danny R. Hill presented to Concentra for a Return to Work Evaluation. Plaintiff was accompanied to the appointment at Concentra by a supervisor from UPS.
> 4. Plaintiff was evaluated by James D. Reeves, D.O. at Concentra and given specific work restrictions based upon his elevated blood pressure.

---

[1] In their motion, defendants state that this Court should dismiss plaintiff's action against defendant United Parcel Service of America, Inc. because it is not, nor ever was, plaintiff's employer. However, other then making this single statement, defendant United Parcel Service of America, Inc. provides no additional argument or support for dismissal on this basis. Accordingly, the Court declines to address this basis for dismissal.

> 5. Defendants, acting by and through their agent, employee and/or servant, were fully aware of the work restrictions given to Danny R. Hill.
> 6. Defendants, acting by and through their agent, employee and/or servant, intentionally disregarded the work restrictions given to Danny R. Hill.
> 7. Defendants desired to bring about an injury to Danny R. Hill.
> 8. Defendants acted with the knowledge that any injury to Danny R. Hill was substantially certain to result from Defendants' conduct.
> 9. As a result of the conduct of the Defendants, Danny R. Hill, suffered injury and damages.

Petition at ¶¶ 3-9.

When reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court accepts "as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s] those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). In order to survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "[A] plaintiff must 'nudge [ ] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974).

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Schneider*, 493 F.3d at 1177 (emphasis in original).

Section 11 of the Workers' Compensation Act ("Act") makes employers liable for scheduled compensation for the disability or death of an employee resulting from an accidental injury sustained in the course of employment. *Parret v. UNICCO Serv. Co.*, 127 P.3d 572, 574 (Okla. 2005).

Section 12 of the Act makes that liability "exclusive and in place of all other liability of the employer." *Id.* However, the Oklahoma Supreme Court has carved out an exception to the exclusive remedy provision of the Act for an employer's intentional conduct.

> In order for an employer's conduct to amount to an intentional tort, the employer must have (1) desired to bring about the worker's injury or (2) acted with the knowledge that such injury was substantially certain to result from the employer's conduct. Under the second part of this standard, the employer must have intended the act that caused the injury with knowledge that the injury was substantially certain to follow.

*Id.* at 579.

Having carefully reviewed the Petition, the Court finds that plaintiff has not set forth enough facts to state a claim to relief that is plausible on its face. In fact, in his Petition, as set forth above, plaintiff sets forth practically no facts regarding his claim but simply makes conclusory, boiler-plate allegations. The Court, accordingly, finds that defendants' motion to dismiss should be granted. However, in his response, plaintiff requests leave of court to amend his petition if the Court finds that defendants' motion to dismiss should be granted. Having reviewed plaintiff's response, the Court finds that plaintiff should be granted leave to amend his petition.

Accordingly, for the reasons set forth above, the Court GRANTS defendants' Motion to Dismiss [docket no. 5] and DISMISSES this action without prejudice. Further, the Court GRANTS

plaintiff leave to file an amended complaint; said amended complaint shall be filed on or before August 22, 2008.

**IT IS SO ORDERED this 23rd day of July, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE