## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANNY R. HILL, | ) |
|                Plaintiff, | ) |
| vs. | ) Case No. CIV-08-434-M |
| UNITED PARCEL SERVICE OF AMERICA, INC., and UNITED PARCEL SERVICE, INC., | ) ) ) |
|                Defendants. | ) |

### ORDER

Before the Court is defendants' Motion to Dismiss Plaintiff's First Amended Complaint, filed September 11, 2008. On September 29, 2008, plaintiff filed his response.

On March 20, 2008, plaintiff filed the instant action in the District Court of Oklahoma County, State of Oklahoma. On April 24, 2008, defendants removed this action to this Court. On May 1, 2008, pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants moved this Court to dismiss this action for failure to state a claim. On July 23, 2008, the Court granted defendants' motion but allowed plaintiff leave to file an amended complaint. On August 22, 2008, plaintiff filed his First Amended Complaint. Defendants once again move this Court, pursuant Rule 12(b)(6), to dismiss this action.[1]

In his First Amended Complaint, plaintiff alleges, in pertinent part:

> 3. That on or about March 20, 2006, Danny R. Hill presented to Concentra for a Return to Work Evaluation.

---

[1] In their motion, defendants state that this Court should dismiss plaintiff's action against defendant United Parcel Service of America, Inc. because it is not, nor ever was, plaintiff's employer. However, other then making this single statement, defendant United Parcel Service of America, Inc. provides no additional argument or support for dismissal on this basis. Accordingly, the Court declines to address this basis for dismissal.

4. Plaintiff was evaluated by James D. Reeves, D.O. at Concentra and given specific work restrictions to not lift more than forty (40) pounds based upon his elevated blood pressure.
5. On March 20, 2006, Jeff Cross was employed at Defendant's business in the capacity of Danny Hill's direct supervisor.
6. Defendants, acting by and through their agent, employee and/or servant, Jeff Cross, were fully aware of the work restrictions given to Danny R. Hill.
7. Defendants, acting by and through their agent, employee and/or servant, Jeff Cross, ordered Danny R. Hill to ignore the work restrictions that he had been given.
8. Defendants, acting by and through their agent, employee and/or servant, Jeff Cross, intentionally disregarded the work restrictions given to Danny R. Hill.
9. Jeff Cross is a diabetic, and therefore, was fully aware of the consequences of forcing Danny R. Hill to ignore his work restrictions.
10. Defendants, acting by and through their agent, employee and/or servant, Jeff Cross, desired to bring about an injury to Danny R. Hill.
11. Defendants acted with the knowledge that any injury to Danny R. Hill was substantially certain to result from Defendants' conduct.
12. Specifically, Defendants, acting by and through their agent, employee and/or servant, Jeff Cross, knew the risks of sustained hypertension.
13. One of these risks included the development of a stroke. As a result of the conduct of the Defendants, Danny R. Hill, suffered injury and damages, including specifically a stroke.

First Amended Complaint at ¶¶ 3-13.

When reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court accepts "as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s] those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). In order to survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff must 'nudge [ ] [his] claims across the line from

conceivable to plausible' in order to survive a motion to dismiss." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570).

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Schneider*, 493 F.3d at 1177 (emphasis in original).

Section 11 of the Workers' Compensation Act ("Act") makes employers liable for scheduled compensation for the disability or death of an employee resulting from an accidental injury sustained in the course of employment. *Parret v. UNICCO Serv. Co.*, 127 P.3d 572, 574 (Okla. 2005). Section 12 of the Act makes that liability "exclusive and in place of all other liability of the employer." *Id.* However, the Oklahoma Supreme Court has carved out an exception to the exclusive remedy provision of the Act for an employer's intentional conduct.

> In order for an employer's conduct to amount to an intentional tort, the employer must have (1) desired to bring about the worker's injury or (2) acted with the knowledge that such injury was substantially certain to result from the employer's conduct. Under the second part of this standard, the employer must have intended the act that caused the injury with knowledge that the injury was substantially certain to follow.

*Id.* at 579.

Having carefully reviewed the First Amended Complaint, the Court finds that plaintiff has not set forth enough facts to state a claim to relief that is plausible on its face. In his First Amended Complaint, as set forth above, plaintiff sets forth very few facts regarding his claim but generally makes conclusory, boiler-plate allegations. The Court finds these very few facts are not sufficient to nudge plaintiff's claims across the line from conceivable to plausible in order to survive the

instant motion to dismiss. The Court, accordingly, finds that defendants' motion to dismiss should be granted.

Additionally, in his response, plaintiff requests leave of court to amend his complaint if the Court finds that defendants' motion to dismiss should be granted. When the Court granted defendants' first motion to dismiss, the Court allowed plaintiff to amend his complaint to correct the same deficiencies at issue in the current motion. In his response, plaintiff sets forth no reason why he should be allowed a second attempt to cure these same deficiencies. Having carefully considered this matter, the Court finds that it would be futile to allow plaintiff to amend his complaint a second time to cure these same deficiencies.

Accordingly, for the reasons set forth above, the Court GRANTS defendants' Motion to Dismiss [docket no. 14] and DISMISSES this action.

**IT IS SO ORDERED this 6th day of July, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE